[No. 7,534. Department One. — February 28, 1884.]

JOSEPH F. BLACK ET AL., RESPONDENTS, v. WIL-LIAM B. MERRILL, APPELLANT.

PRACTICE — EQUITABLE ACTION — PARTNERSHIP ACCOUNTING. — The relief awarded to a plaintiff must be consistent with the case made by his complaint. In an equitable action to reopen a settlement and sale between partners, and to obtain an accounting of partnership affairs, on the ground of fraud alleged to have been practiced by the defendant, the court, if it finds for the plaintiff, should set aside the sale and settlement and take an accounting. Without this it cannot render judgment against the defendant for a specific sum.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George E. Whitney*, for Appellant.

*Moses G. Cobb*, for Respondent.

ROSS, J. — It is thoroughly and well settled that the relief awarded a plaintiff must be consistent with the case made by his complaint. The complaint in the present instance is a bill in

equity to reopen a settlement and sale between partners, and to obtain an accounting of the partnership affairs, on the ground of fraud alleged to have been practiced by the defendant. On the trial in the court below no accounting of the affairs of the partnership between plaintiffs and defendant was taken, but certain evidence was introduced from which the court found these facts: That in April, 1877, plaintiffs and defendant entered into a copartnership for the purpose of manufacturing and vending brick in Alameda County of this State; that defendant became the managing partner of the firm in Oakland, where the principal place of vending the brick was carried on — plaintiffs having more immediate charge of manufacturing the brick; that books of account were kept at Oakland by the son of defendant, purporting to contain all of the business transactions of the firm in Oakland, to which books plaintiff Black had access at all times, and which books were examined from time to time from December, 1877, to the time next hereinafter mentioned, by an expert appointed by Black and paid by the firm; that on the 30th day of October, 1878, there stood upon said books, among other things, accounts against certain persons aggregating $831.52; that on said 30th day of October defendant sold his interest in the firm and its assets to the plaintiff Black for the sum of $9,127.01 — plaintiff Merrill consenting thereto and agreeing with Black, as a part of the consideration of the sale, and of the retirement of the defendant from the firm, to assume and pay the debts due from the firm as the same appeared upon the books; that Black paid defendant the sum of $9,127.01, defendant retired from the firm, and plaintiffs afterwards paid its debts; that the aforesaid purchase of defendant's interest was made "upon the faith and belief that said books of account exhibited the true state and condition of the business transacted by him on behalf of the firm, and especially a true statement of the balance due from the various debtors of said firm, and a true statement of the various persons indebted to said firm"; that the accounts referred to as aggregating $831.52 had, previously to the aforesaid sale, been paid by the persons against whom they stood, and the money received by the defendant, and by him appropriated to his own use, and for this sum the court below gave the plaintiffs judgment, with costs.

The difficulty in the way of affirming the judgment is that it is not warranted by the complaint. That, as was stated at the outset, is a bill in equity to reopen a settlement and sale made between partners, and to obtain an accounting of the partnership affairs, on the ground of fraud alleged to have been practiced by the defendant. The court did not set aside the sale and take an accounting, but in rendering its judgment evidently proceeded upon the theory either of a warranty on the part of the defendant of the accounts referred to as aggregating $832.51, or else considered that the action might be treated as one for deceit. But it was not for a breach of a warranty, or for damages for deceit that plaintiff sued. A party cannot allege one cause of action and recover upon another.

Judgment and order reversed and cause remanded for a new trial.

McKee, J., and McKinstry, J., concurred.